UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,


                              Plaintiff,

                                                    DECISION AND ORDER

                                                    05-CR-6025L


              v.

MARQUIS CRAWFORD,


                              Defendant.
_____


        The Court referred all pretrial motions in this criminal action to United States Magistrate

Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).  The defendant, Marquis Crawford

("Crawford"), is charged in a three-count indictment with narcotics and firearms violations stemming

from the execution of a search warrant at 895 Woodbine Avenue, Rochester, New York on

December 28, 2004.

        Crawford moved to suppress evidence seized from 895 Woodbine Avenue on the grounds

that the search warrant executed by Monroe County Court Judge Richard A. Keenan lacked probable

cause.  Crawford also seeks the identity of the confidential informant that provided some of the

information relied on to obtain the warrant.

        Magistrate Judge Payson issued a thorough Report and Recommendation that the motion to

suppress be denied and, in that same writing, issued a Decision and Order denying Crawford's

application to obtain the identity of the confidential informant.  Crawford objected to the Magistrate Judge Payson's determination in a letter filed February 22, 2006 (Dkt. #38).

Crawford's principal objection is that Magistrate Judge Payson's erred in not holding a *Franks* hearing[1] to explain what Crawford contends were false statements submitted to the issuing judge in support of the warrant.  I disagree and find no basis to reverse Magistrate Judge Payson's decisions.

Magistrate Judge Payson set forth in great detail all the circumstances leading up to the preparation of the affidavit for the warrant.  The facts show that a confidential informant who had proven to be reliable in the past had made several purchases of cocaine from two individuals, Crawford and another, who resided at 895 Woodbine Avenue.  The confidential informant had made purchases both outside the premises and inside.  On one occasion he was wearing a transmitter so that the surveillance officers could monitor him.  While inside the premises, he observed firearms and cocaine.

Many of the confidential informant's observations were confirmed by Shaun Welch, an officer with the Webster, New York Police Department and Monroe County Sheriff Deputy James Canfield.  The inconsistency raised by Crawford concerning the ability to actually see the backdoor of the premises from the vantage point of the officers is minor and Magistrate Judge Payson explained this and found that it was not a significant piece of information in view of the substantial other evidence submitted to Judge Keenan for his review.  I agree with Magistrate Judge Payson's assessment concerning this matter.

---

[1]*Franks v. Delaware,* 438 U.S. 1978.

There is no evidence that Officer Welch's representations about the confidential informant's information was knowingly false or that Welch was reckless in accepting that information and submitting it to the judge.  In my view there was ample probable cause to support issuance of the warrant and no basis whatsoever to conduct a *Franks* hearing.

I also agree with Magistrate Judge Payson's alternative conclusion that the officers had a good-faith basis to rely on the warrant when they executed it and under the principles enunciated in *United States v. Leon,* 468 U.S. 897 (1984), there is no basis for suppression here.

I also affirm Magistrate Judge Payson's decision to deny disclosure of the confidential informant at this time.  It does not appear that the confidential informant is a material witness to the charges contained in the present indictment.  Although the confidential informant was present at several transactions leading up to execution of the search warrant, Crawford is only charged with the firearms and narcotics found at the residence during the search.  Furthermore, the Government has represented that it does not intend to offer proof on the transactions leading up to the execution of the warrant.  If that circumstance changes, then Crawford's application would have much more substance.

CONCLUSION

I adopt and accept the Report and Recommendation issued by United States Magistrate Judge Marian W. Payson (Dkt. #35).  I deny defendant's request for a *Franks* hearing, and I deny defendant's motion to suppress physical evidence obtained during the execution of the search warrant.

- 3 -

I also affirm Magistrate Judge Payson's Decision and Order denying defendant's motion for

disclosure of the confidential informant.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
       March 17, 2006.